**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **JERRIE WARD,** § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO. 6:18-CV-391** |
| **v.** § | |
| § | **JURY TRIAL DEMANDED** |
| **TYLER INDEPENDENT SCHOOL DISTRICT,** § | |
| *Defendant.* § | |

## ORIGINAL ANSWER OF DEFENDANT
## TYLER INDEPENDENT SCHOOL DISTRICT

TO THE HONORABLE COURT:

Defendant Tyler Independent School District ("Tyler ISD" or the "District"), a governmental entity and political subdivision of the State of Texas, the named Defendant herein, makes the following response to the allegations contained in Plaintiff's Original Complaint and would respectfully show the Court the following:

### INTRODUCTION

1. This action seeks economic and compensatory damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964 (42 U.S.C.§2000e, et seq.), as amended, 42 U.S.C. §1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626, et seq.) and 42 U.S.C. §1983.

**RESPONSE:**

Defendant Tyler Independent School District ("TISD" or the "District") answers Plaintiff's

Original Complaint as numbered to correspond with paragraph numbers in Plaintiff's Original Complaint. Any and all allegations in Plaintiff's Original Complaint that are not specifically admitted are hereby denied.

Defendant denies that Plaintiff is entitled to any economic or compensatory damages, including liquidated damages, attorneys' fees and costs as a result of any action taken by the District. The District specifically denies that it has violated the Age Discrimination Employment Act or the protections afforded to individuals under Title VII of the Civil Rights Act of 1964, as amended.

## PARTIES

2. Plaintiff JERRIE WARD is a resident of Smith County, Texas.

**RESPONSE:**

Defendant admits the allegations in paragraph 2.

3. Defendant TYLER INDEPENDENT SCHOOL DISTRICT is a school district operating in Smith County, Texas and may be served with process via its Superintendent, Marty Crawford, 1319 Earl Campbell Parkway, Tyler, Texas 75701.

**RESPONSE:**

Defendant admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") in accordance with provisions prohibiting race discrimination and age discrimination and retaliation for participating in protected activity. More specifically, this action seeks monetary damages, including mental anguish, and all other

appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and age and on account of retaliation for participating in activity protected under Title VII and the ADEA.

**RESPONSE:**

This Court has jurisdiction to hear the merits of Plaintiff's claims under the U.S. Constitution and specifically 42 U.S.C. § 183, as amended, and under the provisions of 42 U.S.C. § 1981, as amended.

5. This is also a civil action under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 for deprivation of property and liberty interests. Further, this is a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States. Plaintiff's claims under 42 U.S.C. §1981 are brought through 42 U.S.C. §1983.

**RESPONSE:**

Defendant admits that, if proper, Plaintiff's claims as alleged would give rise to this Court's subject matter jurisdiction with venue being in this district and division, but denies any valid claims and denies Plaintiff is entitled to any of the requested relief.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. § 1331, 42 U.S.C. § 2000(e) et seq., as amended, §704(a), 42 U.S.C. § 1981(a), as amended, and 42 U.S.C. § 1983.

**RESPONSE:**

See response to number 5 above.

7. This action lies in the United States District Court for the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Smith County, Texas.

**RESPONSE:**

See response to number 5 and 6 above. Further, Defendant would show that all of the acts alleged herein by Plaintiff would have occurred in the Eastern District of Texas, but the District denies the allegations.

## CONDITIONS PRECEDENT

8.   All conditions precedent have been performed or have occurred.

**RESPONSE:**

Defendant admits that Plaintiff has pursued her claims through the Equal Employment Opportunity Commission regarding the allegation set forth in her Petition. All other allegations of paragraph 8 are denied.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9. Plaintiff, JERRIE WARD, was employed with TISD for 33 years as a Teacher. Ms. Ward is African-American. Plaintiff's date of birth is April 26, 1954. Plaintiff was last employed at Hogg Middle School as a science teacher.

**RESPONSE:**

TISD admits that Plaintiff Jerrie Ward was employed with the District for approximately 33 years as a classroom teacher. The District further admits that Plaintiff is an African-American. Defendant does not dispute Plaintiff's date of birth as April 26, 1954. Plaintiff was last employed by the District at Hogg Middle School as a science teacher. All other allegations in paragraph 9 are

4

denied.

10. Plaintiff, JERRIE WARD, filed an EEOC charge in 2015 alleging age and race discrimination and retaliation.

**RESPONSE:**

Defendant acknowledges and admits that Plaintiff filed an EEOC charge alleging age and race discrimination and retaliation. The EEOC charges were mediated, and Defendant continues to deny that it violated any of the age or race discrimination statues and denies that there was retaliation against the Plaintiff.

11. On August 12, 2015, Plaintiff sent a letter to the president of the TISD School Board, Ms. Orientha Mason, raising concerns about age discrimination.

**RESPONSE:**

Defendant does not have possession of correspondence from Plaintiff to Ms. Orientha Mason. Defendant denies the allegations of paragraph 11.

12. Plaintiff expressed concerns that her principal, Dr. Eddie Dunn was insisting that she retire.

**RESPONSE:**

Defendant acknowledges and admits that Plaintiff and her principal, Dr. Eddie Dunn, met on several occasions regarding Plaintiff's performance. Defendant denies that the principal was insisting that Plaintiff retire. Defendant advised Plaintiff that she would be terminated for poor performance.

13. Ms. Mason said she would look into the matter but also stated "there could be consequences." Plaintiff never heard anything from Ms. Mason.

**RESPONSE:**

Defendant denies the allegations of paragraph 13.

14. On or around February 2, 2016, Sharon Roy from Human Resources came to the campus and informed Plaintiff that she would be placed on a one-year probationary contract.

**RESPONSE:**

Defendant admits that Sharon Roy, former executive director of Human Resources, met with Plaintiff regarding her performance issues as a classroom teacher. Ms. Roy informed the Plaintiff that she would be terminated at the end of the school year for poor performance. During the discussions, it was determined that Plaintiff would be given one last chance to perform satisfactory in the classroom if she agreed to be placed on a one-year probationary contract. Plaintiff and Ms. Roy agreed that Plaintiff would return to a probationary contract for one year to determine if she could meet the TISD standards for a classroom teacher. The parties were in agreement regarding the return to the probationary contract status.

15. Ms. Roy stated the reason for this probationary contract was because Dr. Eddie Dunn did not want to renew Plaintiff's contract.

**RESPONSE:**

Ms. Sharon Roy, in her meeting with the Plaintiff, relayed the information to Plaintiff that her principal, Dr. Eddie Dunn, would not recommend Plaintiff's employment as a teacher at Hogg Middle School in the TISD system for the next year. These discussions surrounded the agreement to return Plaintiff to a probationary contract position with the District. All other allegations of paragraph 15 are denied for purposes of joining the issues.

16. Plaintiff alleges that the reason for being placed on the probationary contract was in

retaliation for her filing the EEOC complaint.

**RESPONSE:**

Defendant denies the allegations of paragraph 16.

17. During the 2016-2017 school year, Dr. Dunn's behavior was harassing and intrusive. He would often come in Plaintiff's classroom and interrupt her teaching.

**RESPONSE:**

Defendant denies the allegations of paragraph 17. For further answer, it was the responsibility of Dr. Dunn as the middle school principal to visit the Plaintiff's classroom to observe her teaching and demeanor. Dr. Dunn's observations of the Plaintiff's classroom teaching convinced the principal Plaintiff was not performing satisfactorily in her position, and the principal would be recommending her termination.

18. On April 17, 2017. Dr. Dunn came into Plaintiff's classroom with the counselor, Kristin Carter and informed Plaintiff that he was not going to renew her teaching contract for the 2016-2017 year. Dr. Dunn said he would have the secretary for the school schedule a meeting which took place on March 21, 2017.

**RESPONSE:**

Defendant admits that Dr. Dunn and counselor Kristin Carter met with Plaintiff, advising Plaintiff that her contract would be terminated at the end of the 2016-2017 school year. All other allegations of paragraph 18 are denied.

19. At this meeting with Dr. Dunn, Plaintiff was told she could either resign or be terminated.

**RESPONSE:**

Defendant acknowledges Dr. Dunn met with Plaintiff and advised Plaintiff of her options

regarding employment. All other allegations of paragraph 19 are denied.

20. Plaintiff then received a letter informing her that her employment with TISD had been terminated and that she could finish out the 2016-2017 school year but could not return in the fall to teach for the 2017-2018 school year.

**RESPONSE:**

Defendant acknowledges Plaintiff was informed that her employment with TISD was terminated and that she could finish out her contract under the 2016-2017 school year, but would not be returning in the fall to teach the 2017-2018 school year. All other allegations of paragraph 20 are denied.

21. TISD made several errors in placing plaintiff on the probationary contract, ignoring the Tex. Education Code which plaintiff believes these errors are indicative of TISD's desire to retaliate against her. The Education Code states that Plaintiff should have been given a letter to go onto the probationary contract in lieu of being terminated at that time. TISD did not do that.

**RESPONSE:**

Defendant denies the allegations of paragraph 21.

22. On June 30, 2017, Plaintiff filed a supplemental Charge of Discrimination alleging that she had been retaliated against by reason of her earlier EEOC Charge filing.

**RESPONSE:**

Defendant was not timely provided with Plaintiff's supplemental Charge of Discrimination and therefore denies the allegations of paragraph 22.

23. As a result of Plaintiff's termination, she has suffered lost wages and benefits in an amount to be determined.

**RESPONSE:**

Defendant denies the allegations of paragraph 23. It is Defendant's belief that Plaintiff left the employment of the TISD and was employed by another school district.

## CAUSES OF ACTION
## COUNT ONE
## DISCRIMINATION AND RETALIATION UNDER TITLE VII

24. The allegations contained in Paragraphs 1 through 23 inclusive are hereby incorporated by reference.

**RESPONSE:**

Defendant incorporates its responses to the foregoing paragraphs as it fully set forth herein.

25. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant TISD. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

**RESPONSE:**

Defendant admits knowledge that Plaintiff filed with the Equal Employment Opportunity Commission a charge of discrimination in 2015 and apparently amended the original complaint, but the Defendant is without that information and therefore denies the allegations of paragraph 25.

26. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

**RESPONSE:**

Defendant admits that Plaintiff was an employee within the meaning of Title VII and belongs to a protected class, but denies that Plaintiff was discriminated against because of her race and

therefore denies the remaining allegations of paragraph 26.

27. Defendant TISD is an employer within the meaning of Title VII.

**RESPONSE:**

Defendant admits it is an employer within the meaning of Title VII.

28. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect status as an employee, because of such individual's race, color, religion, sex, or national origin."

**RESPONSE:**

No allegations or causes of action against the Defendant are made in paragraph 28, but for purposes of answering, the Defendant would deny any allegation incorporated in paragraph 28 to join the issues.

29. Defendant intentionally discriminated against Plaintiff because of her race (African-American) in violation of Title VII by terminating her employment. Defendant retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the

making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages.

**RESPONSE:**

Defendant denies the allegations of paragraph 29.

30. Retaliation. In addition, Defendant has retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by the employer. Plaintiff's race discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant denies the allegations of paragraph 30.

## COUNT TWO
## DISCRIMINATION UNDER 42 U.S.C. § 1981 AND 42 U.S.C. §1983

31. The allegations contained in Paragraphs 1 through 23 are hereby incorporated by reference.

**RESPONSE:**

Defendant TISD incorporates its responses to the foregoing paragraphs as it fully set forth herein.

32. Additionally, Defendant TISD's termination of Plaintiff's employment, on the basis of her race (African-American), violated Plaintiff's rights secured to Plaintiff under 42 U.S.C. §1981 to be free of discrimination in the making and enforcement of contracts.

**RESPONSE:**

Defendant denies the allegations of paragraph 32.

33. TISD's discrimination against Plaintiff was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right ... To make and enforce contracts ... as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.

**RESPONSE:**

Defendant denies the allegations of paragraph 33.

34. Plaintiff brings this claim through 42 U.S.C. §1983. 42 U.S.C. §1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws while acting under the color of any statute, ordinance, regulation, custom or usage of any state. Defendant TISD, while acting under the color of state law, deprived Plaintiff of a right secured by the Constitution or laws of the United States in violation of 42 U.S.C. §1983. Specifically, Plaintiff was terminated because of her race. As described herein, Defendant TISD's violation of Plaintiff's Constitutional rights was caused by Defendant TISD's customs, policies and practices.

**RESPONSE:**

Defendant denies the allegations of paragraph 34.

## COUNT THREE
## DISCRIMINATION AND RETALIATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

35. The allegations contained in Paragraphs 1 through 23 are hereby incorporated by reference.

**RESPONSE:**

Defendant TISD incorporates its responses to the foregoing paragraphs as it fully set forth herein.

36. Plaintiff is informed and believes and therefore alleges that Defendant replaced her with a younger employee.

**RESPONSE:**

Defendant is incapable of determining what Plaintiff was informed or believes and therefore denies the allegations contained in paragraph 36.

37. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

**RESPONSE:**

Defendant denies the allegations of paragraph 37.

38. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

    a. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

    b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

**RESPONSE:**

Defendant denies the allegations of paragraph 38.

38. The termination of Plaintiff's employment by Defendant constitutes a willful violation of

29 U.S.C. § 623 and as such entitles Plaintiff to recover liquidated damages.

**RESPONSE:**

Defendant denies the allegations of paragraph 38.

39. Retaliation. In addition, Defendant has retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing age discrimination by the employer. See Section 4(d) of the ADEA, 29 U.S.C. § 623(d). Plaintiff's age discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant denies the allegations of paragraph 39.

## DAMAGES

40. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

**RESPONSE:**

Defendant denies the allegations of paragraph 40.

41. Defendant has intentionally engaged in an unlawful employment practice by

discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

**RESPONSE:**

Defendant denies the allegations of paragraph 41.

42. By reason of Defendant's willful discrimination against Plaintiff on the basis of her age, Plaintiff is entitled to recovery of liquidated damages pursuant to the Age Discrimination in Employment Act.

**RESPONSE:**

Defendant denies the allegations of paragraph 42.

## ATTORNEYS' FEES AND EXPERT FEES

43. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, 42 U.S.C. §1981, and the Age Discrimination in Employment Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

**RESPONSE:**

Defendant denies the allegations of paragraph 43.

## JURY DEMAND

44. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

**RESPONSE:**

The District hereby demands a trial by jury for all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

**RESPONSE:**

Defendant denies that Plaintiff is entitled to any relief whatsoever, including and without limitations to the relief requested in Plaintiff's Original Petition. Defendant further denies the allegations in all sub-paragraphs of Plaintiff's Original Petition.

## DEFENDANT TYLER INDEPENDENT SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and specifically reserving the

right to assert additional affirmative defenses as additional information becomes available through discovery or otherwise, the District asserts the affirmative defenses below.

1. The District asserts that it properly and justifiably terminated Plaintiff's employment with the District for reasons unrelated to her requested relief set forth in her Complaint.

2. Alternatively, the District asserts that it at all times acted in good faith in its dealings with Plaintiff and its handling of Plaintiff's employment with the District.

3. Alternatively, the District asserts that Plaintiff has failed to mitigate her damages and any recovery on her claims herein should be barred or reduced in proportion to such failure to mitigate.

4. The District asserts the affirmative defense of estoppel and waiver.

## PRAYER FOR RELIEF

For these reasons, Defendant Tyler Independent School District respectfully asks the Court to enter judgment that Plaintiff take nothing and that the Court dismiss Plaintiff's suit with prejudice, assess costs against the Plaintiff and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

Hardy Cook & Hardy, P.C.


By:    /s/ *John C. Hardy*
      JOHN C. HARDY
      State Bar No. 08992500
      john@hardylaw.com
      JOHN M. HARDY
      State Bar No. 24059897
      jmh@hardylaw.com
      RANDALL J. COOK
      State Bar No. 04744660
      randy@hardylaw.com
      2080 Three Lakes Parkway
      Tyler, Texas   75703
      Phone:    903-561-8400
      Fax:    903-561-8228


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using the CM/ECF system of the United States District Court, Eastern District of Texas and that a true and correct copy of the foregoing document has been served upon all counsel of record via e-file this 14th day of September, 2018:

William S. Hommel, Jr.
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703

      /s/ *John M. Hardy*
      Attorney for Defendant Tyler ISD